958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
McCLAIR MINING CORP., Plaintiff-Appellant,
v.
GRUNDY NATIONAL BANK, Defendant-Appellee.
 No. 91-2692.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1992
Decided: March 27, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CA-90-156-A, CA-88-154-A)
 Argued: Robert Tayloe Copeland, Thomas C. Antenucci, Copeland, Mokinary & Bieger, Abingdon, Va., for appellant.
 Robert J. Breimann, Jr., Street, Street, Street, Scott & Bowman, Grundy, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before RUSSELL and LUTTIG, Circuit Judges, and SIMONS, Senior United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal follows the district court's dismissal of a recovery action by a debtor-in-possession under a Chapter 11 bankruptcy. The debtor sought to void an offset made by the defendant bank against the bank deposit of the debtor corporation for a liability of an affiliated corporation. We affirm the district court's decision dismissing the action.
 
 
 2
 McClair Mining Corporation (McClair) and Lynn Coal Company (Lynn), the two corporations involved here-one being the bankrupt and the other a separately chartered institution-each operated a coal mine. They had common management, the same stockholders, and common equipment exchanged between the two under an oral lease agreement. The two corporations maintained separate bank accounts at defendant bank, and, under agreement between the president of the corporations and the bank, checks drawn by Lynn for which there were inadequate funds in its account could be charged against the bank credit in the account of McClair. The controversy arose when the bank actually debited the accumulated overdrafts of Lynn against the account balance of McClair in accordance with the agreement. Shortly after the offset, McClair filed a Chapter 11 petition, and then filed this action to void the offset under various legal theories.
 
 
 3
 After a trial, the bankruptcy court found the offset valid and enforceable under 11 U.S.C. § 553 (1988). Judgment was ordered in favor of the bank, dismissing the claim of McClair. The district court, in a well-reasoned opinion, affirmed the bankruptcy court's dismissal. We affirm on the reasoning and findings of the district court.
 
 
 4
 AFFIRMED.